MINUTE ENTRY
WILKINSON, M. J.
SEPTEMBER 20, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LVI ENVIRONMENTAL SERVICES<br>OF NEW ORLEANS, INC. | CIVIL ACTION |
| VERSUS | NO. 06-649 |
| QUEST DIAGNOSTICS, INC. | SECTION "L" (2) |

**HEARING ON MOTION**

APPEARANCES:  Mickey P. Landry, David Canella and Charles Leche, representing plaintiff; Edward Trapolin, representing defendant

MOTIONS:   (1)  Plaintiff's Motion to Compel, Record Doc. No. 37;
           (2)  Defendant's Motion to Compel, Record Doc. No. 33

O R D E R E D:

 XXX :  GRANTED IN PART AND DENIED IN PART.  The motion is denied as to Interrogatories No. 1, 4, 18 and 23.  The current answers are sufficient.  To the extent that plaintiff seeks additional information, the objections are sustained and no further answers are required.

The motion is granted in part and denied in part as to Interrogatory No. 7, but only as follows. The current answer is vague and therefore unresponsive. While statements

MJSTAR:   : **45**

obtained by counsel or anyone else may under some circumstances be protected from discovery, the mere identities of persons from whom statements have been obtained, even if obtained by counsel, are not protected from discovery. In fact, this basic information must be provided pursuant to Fed. R. Civ. P. 26(b)(5). Otherwise, how would a discovering party ever be in a position to challenge the privilege assertion or make the showing required by Fed. R. Civ. P. 26(b)((3) as to statements? Defendant must provide an answer to this interrogatory specifically identifying all persons from whom statements (as defined in Fed. R. Civ. P. 26(b)(3)) have been obtained, the date on which each such statement was obtained, and the person who obtained the statement. In all other respects, including the request for the identity of persons who were merely interviewed by counsel but from whom a statement was not taken, the motion is denied.

The motion is granted as to Interrogatory No. 10, and all objections are overruled. "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, . . ." Fed. R. Civ. P. 33(c). For defendant to object on the basis of this interrogatory's use of the term "relevant" is without merit. If defendant has knowledge of any of the matters about which this interrogatory seeks information, it must provide all responsive information in the form of a sworn interrogatory answer. If defendant has no responsive information, it must clearly say so.

The motion is denied insofar as it relates to the convoluted, compound, confusing and overly broad Interrogatories No. 11 and 12, and all objections are sustained. These interrogatories are so defective in their form and content that no one could reasonably be expected to respond to them.

The motion is denied as to Interrogatories No. 14, 15 and 17. All objections are sustained.

The motion is dismissed as moot as to Interrogatory No. 22, because defense counsel has represented to the court that the eighth affirmative defense to which it relates will shortly be dismissed by QDI. **IT IS ORDERED** that defendant must file its motion to dismiss this affirmative defense with prejudice within ten (10) days of entry of this order.

The motion is denied as to Requests for Production No. 1-23, subject to the following condition. Defendant answered "none" to all of these requests. If by "none" defendant meant that it has no materials responsive to each of these requests in its possession, custody or control (as would appear to be the case given the content of these requests), the responses are sufficient as long as they are true. If "none" means something else, or if defendant has any materials responsive to these requests in its possession, custody or control, it must amend its responses to these requests to say so.

The motion is dismissed as moot as to Request for Production No. 30 because plaintiff's counsel has represented to the court that the floor plans that defendant has provided in response to this request are a sufficient response.

To whatever extent, if any, that plaintiff seeks relief as to any other discovery request, the motion is denied, since plaintiff's motion papers allege no particular deficiency as to any specific discovery requests other than those addressed above.

__(2)__ : GRANTED IN PART AND DENIED IN PART. The motion is granted as to Interrogatory No. 1. The current answer is incomplete. Plaintiff must provide the last known address and telephone number of each named person and their current employers, or state that the requested information is unknown, if that is the truth.

The motion is granted in part and denied in part as to Interrogatory No. 7. The current answer is obviously incomplete. Plaintiff must provide the names and current or last known addresses of all of its own employees who worked on the project during the specified time period, regardless whether they have also been identified in disclosures. The motion is denied insofar as it seeks the Social Security numbers and current employers of such persons or any other information in addition to that already provided.

The motion is denied as to Interrogatories No. 10, 11, 13, 14 and 15. All objections are sustained. In addition, these interrogatories are not relevant to the claims and defenses asserted in this matter and, at best, are relevant to its subject matter. Defendant has failed to show "good cause" as required by Fed. R. Civ. P. 26(b)(1) to permit this overly broad and at best tangentially relevant discovery.

The motion is denied as to Interrogatory No. 18. The current answer contains sufficiently responsive information.

The motion is granted as to Interrogatory No. 19, and all objections are overruled. Plaintiff must respond to this interrogatory by providing a dollar figure for the amount it claims it is owed by defendant with a full explanation of how that amount was calculated.

The motion is granted in part as to Interrogatory No. 21, but only as provided herein. The interrogatory is overly broad and unduly burdensome to a certain extent, but the answer makes no effort to provide reasonably available responsive information or to identify the records from which plaintiff says the information may be ascertained in the manner required by law. Thus, plaintiff must provide an answer to this interrogatory that (a) generally describes what work on the subject project its employees and each specific subcontractor were performing or were responsible for at what particular times and (b) <u>specifically</u> identifies, in the manner required by Fed. R. Civ. P. 33(d) and by Bates stamp number, the business records from which more particular responsive information

responsive to this interrogatory may be derived. The current answer makes only vague and entirely insufficient references to such documents or other records. Plaintiff must "specify the records from which the answer may be derived or ascertained. . . . A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer can be ascertained." Id.

The motion is granted as to Interrogatory No. 24 because the current answer is incomplete. Plaintiff must provide the date and location of the training identified in its incomplete answer to this interrogatory.

The motion is denied as to Interrogatory No. 27. This interrogatory exceeds the limit on interrogatories provided in Fed. R. Civ. P. 33(a), and the court did not grant defendant leave to exceed the limit.

The motion is granted as to Requests for Production No. 1, 2, 12 and 15. Although the opposition memorandum represents that "all documents known by and in the possession of [plaintiff], which are not exempt from disclosure by privilege and are responsive to the . . . requests, have been produced," Record Doc. No. 72 (Opposition Memorandum at p. 18), the fact is that plaintiff's written responses to these highly relevant requests either do nothing but assert objections or refer to the contract itself. Under these circumstances, neither the court nor the discovering party has any assurance that plaintiff has adequately responded to this discovery in the manner contemplated by Fed. R. Civ. P. 34(b) and 26(g)(2). Many of plaintiff's responses to the other disputed requests for production also suffer from this defect. Accordingly, **IT IS ORDERED** that all objections to these requests are overruled. Plaintiff must provide new written responses to these requests, signed pursuant to Fed. R. Civ. P. 26(g)(2), clearly stating that all materials responsive to these requests in plaintiff's possession, custody or control have been produced. Because of the confusing and evasive manner in which plaintiff has responded to this discovery, it must also provide as part of this response a specific listing by Bates stamp number or other identifying method what particular materials have been provided as to each particular request.

The motion is granted as to Request No. 3, subject to the conditions contained herein. All objections are overruled, except those related to the privacy interests of the employees whose files are sought. In its opposition memorandum, plaintiff has agreed to produce all responsive materials in its possession, custody or control, as opposed to that of other entities, subject to an appropriate protective order, which is already in place in this case. Record Doc. No. 66. Accordingly, all materials responsive to this request must be made available, but subject to the protective order.

The motion is granted as to Request No. 6 because the current response is evasive. The objection is overruled. Plaintiff must provide a new written response, signed pursuant to Fed. R. Civ. P. 26(g)(2), stating either that no responsive documents are in its possession, custody or control, or stating that all responsive documents have been produced and identifying them specifically by Bates stamp number or other identifying marker.

Similarly, the motion is granted as to Requests No. 8 and 19. The current responses to these requests are evasive because they reference only particular documents without stating that <u>all</u> materials responsive to this request are being produced. No objections specific to this request, except for privilege, were asserted. Plaintiff must provide a new written response, signed pursuant to Fed. R. Civ. P. 26(g)(2), stating that <u>all</u> non-privileged responsive documents in its possession, custody or control have been produced and identifying them specifically by Bates stamp number or other identifying marker.

The motion is granted as to Request No. 9. In its opposition memorandum, plaintiff states that it has no responsive materials in its possession, custody or control. This statement in plaintiff's opposition memorandum leads me to conclude that the objections stated in its Rule 34 response were without merit. All objections are therefore overruled. Plaintiff must provide a new written response, signed pursuant to Fed. R. Civ. P. 26(g)(2), stating either that no responsive documents are in its possession, custody or control, or stating that all responsive documents have been produced and identifying them specifically by Bates stamp number or other identifying marker.

The motion is denied as to Requests for Production No. 16 and 18, subject to the following condition. Plaintiff has answered "none" to all of these requests. If by "none" plaintiff meant that it has no materials responsive to each of these requests in its possession, custody or control, the responses are sufficient, as long as they are true. If "none" means something else, or if plaintiff has any materials responsive to these requests in its possession, custody or control, it must amend its responses to these requests to say so.

The motion is denied as to Requests No. 24 and 25. All objections are sustained. In addition, these requests are not relevant to the claims and defenses asserted in this matter and, at best, are relevant to its subject matter. Defendant has failed to show "good cause" as required by Fed. R. Civ. P. 26(b)(1) to permit this overly broad and at best tangentially relevant discovery.

The motion is granted as to Request No. 35 because the current response asserts a meritless objection and is otherwise evasive. The privilege objection is overruled because the request is for communications between LVI (the plaintiff) and QDI (the

5

defendant). Under no circumstances could such communications be privileged in any way. Like so many of plaintiff's other discovery responses, the remainder of this response is equivocal and evasive. Plaintiff must provide a new written response, signed pursuant to Fed. R. Civ. P. 26(g)(2), clearly stating that all responsive documents have been produced and identifying them specifically by Bates stamp number or other identifying marker.

*     *     *     *     *

As to both motions, **IT IS FURTHER ORDERED**:

I note that the copies of interrogatory answers provided to me with these motions do not contain the verifications, signed under oath by an authorized representative of the parties, not by their counsel, as required by Fed. R. Civ. P. 33(b)(1) and (2).

All additional written responses to discovery ordered herein, together with all documents or other materials responsive to the requests for production and the required verifications of interrogatory answers, must be provided by both sides to the other no later than **October 16, 2006**.

Both sides have requested sanctions against the other. These requests are denied. The motions have been granted in part and denied in part. I find that a just apportionment of such fees and costs is that each party should suffer its own. Fed. R. Civ. P. 37(a)(C)(4).

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE